IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:11CR199 |
| v. | ) | |
| | ) | Status Hearing Date: September 28, 2011 |
| THEOPHILUS AKWEI | ) | |
| | ) | The Honorable James C. Cacheris |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND/OR FOR CONTINUANCE OF THE TRIAL DATE**

Defendant Theophilus Akwei has moved to sever his case from that of his American co-defendants and/or for a continuance that would allow him to be tried with his Ghanaian co-defendants. The basis of defendant's motion is his assertion that the Ghanaian defendants, who at this date are still in Ghana, would provide exculpatory evidence with respect to this defendant's knowledge of the conspiracy. This Court should deny defendant's motion because (1) under the law, no severance from the American co-conspirators is warranted, (2) there is no reason to believe that the Ghanaian co-defendants, once they arrive here, would testify at all, much less testify in a way that would exculpate this defendant, and (3) this Court has already decided to proceed with trial on November 15, rather than wait for the Ghanaian defendants to arrive–a ruling previously sought by this defendant.

No severance is warranted under the law. Fed.R.Crim.P. 8(b) provides that different defendants may be charged together or separately in one or more counts of the same indictment if they allegedly participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses; and that all the defendants do not have to be

charged in each count of the indictment. United States v. Scott, 413 F.2d 932, 934-935 (7th Cir. 1969). The government submits, and the grand jury has found probable cause to believe, that Theophilus Akwei participated in the same drug trafficking enterprise as the defendants with whom he is now joined, and therefore the requirements of Fed.R.Crim.P. 8(b) have been met. See United States v. Brugman, 655 F.2d 540, 542-543 (4th Cir. 1981); United States v. Godel, 361 F.2d 21, 23 (4th Cir.), cert. denied, 385 U.S. 838 (1966); Turner v. United States, 222 F.2d 926, 932 (4th Cir.), cert. denied, 350 U.S. 831 (1955).

In the absence of special circumstances, individuals charged together should be tried together. Brugman, 655 F.2d at 542; United States v. Jackson, 549 F.2d 517 (8th Cir.), cert. denied, sub nom., Muhammad v. United States, 430 U.S. 985 (1977). Severance is not a matter of right, but rather a matter within the sound discretion of the court. United States v. Spitler, 800 F.2d 1267, 1271-1272 (4th Cir. 1986); United States v. Whitehead, 539 F.2d 1023, 1024 (4th Cir. 1976); Turner, 222 F.2d at 926. A defendant must make a strong showing of prejudice to his right to a fair trial before a severance is warranted. Brugman, 655 F.2d at 543. This is especially true in a conspiracy case. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993); United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992); United States v. Parodi, 703 F.2d 768, 778-779 (4th Cir. 1983); United States v. Branan, 457 F.2d 1062 (6th Cir. 1972). The mere fact that a defendant's chances for acquittal would be greater if he was granted a separate trial does not warrant the court exercising its discretion pursuant to Fed.R.Crim.P. 14 to sever a defendant's trial. Jackson, 549 F.2d at 523-524; United States v. Bryant, 364 F.2d 598 (4th Cir. 1966). Nor does a disparity of evidence against individual defendants. Brugman, 655 F.2d at 543-544.

To warrant the Court to order a severance, the defendant must make an affirmative showing of special circumstances indicating that a joint trial of the defendants would prejudice his right to a fair trial.  See Richardson v. Marsh, 481 U.S. 200, 206-11 (1987); United States v. Spitler, 800 F. 2d 1267, 1271-72 (4th Cir. 1986); Brugman, 655 F.2d at 542-543.  Here, however, the defendant has offered merely his speculation about the kind of testimony his co-conspirators might provide.  There is no reason to believe that these co-conspirators would take the stand, much less do so in defense of defendant Akwei.  Such speculation does not amount to the strong showing of prejudice required for severance, especially in light of the government's representations at previous hearings before this Court that evidence exists to demonstrate defendant Akwei's knowledge of and participation in the conspiracy.  The defendant having failed to make a compelling showing of prejudice warranting severance, Fed.R.Crim.P. 14 does not require the Court to sever the trial of defendant Akwei from that of his co-defendants.

The defendant has also framed his request for severance as a request for a continuance.  But defendant Akwei's speculation about his Ghanaian co-defendants provides this Court no compelling reason to reverse its previous judgment that the parties should proceed to trial on November 15, 2011, in the absence of the Ghanaian co-defendants.  Indeed, defendant Akwei now argues for the same continuance he previously argued against.

At this time, the government cannot provide a date certain by which the Ghanaian defendants will appear in the Eastern District of Virginia.  At a previous hearing, the government represented that it did not intend to subject the American co-defendants to a prolonged delay before trial and would only seek an additional continuance if the appearance of the Ghanaian defendants could be reasonably assured.  It cannot.  Accordingly, the government has been

preparing for a November 15, 2011 trial date, which has included substantial communication with defense counsel as well as discovery productions, and we respectfully ask that the Court not disturb the trial date previously set.

Finally, to the extent that defendant's motion raises the issue of his polygraph examination, the government respectfully asks the Court to consider its separately filed motion to exclude polygraph evidence.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____/s/_____
James P. Gillis
Karen L. Dunn
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3980
E-mail: james.p.gillis@usdoj.gov; karen.dunn@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Gregory Stambaugh, Esq.
Gregslaw@verizon.net

Kevin Brehm, Esq.
Kevin_Brehm@fd.org

Matthew Greene
mwg@lawglg.com

                                        /s/
James P. Gillis
Karen L. Dunn
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3980
E-mail: james.p.gillis@usdoj.gov;
karen.dunn@usdoj.gov